UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

March 2, 2007

David P. Affinito, Esq.
Dell'Italia, Affinito, Jerejian & Santola
18 Tony Galento Plaza
Orange, NJ 07050

Kevin C. Donovan, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
33 Washington Street
Newark, NJ 07102

**Re:    Carter v. United States Life Insurance Company in the City of New York**
       **Civil Action No. 07-143 (JLL)**

Dear Counsel:

    This matter comes before the Court by way of Plaintiff's application for an Order to Show Cause. Prior to considering Plaintiff's application, the Court, exercising its authority to conduct a sua sponte jurisdictional inquiry,[1] ordered that the parties submit supplemental briefs specifically on the issue of whether this Court has subject matter jurisdiction to consider this matter. The Court has reviewed the parties' submissions, and based on the reasons set forth

---

[1] Federal Rule of Civil Procedure 12(h)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Thus, the Court possesses the authority to conduct a sua sponte inquiry to determine whether subject matter jurisdiction exists. See, e.g., Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia, 657 F.2d 29, 36 (3d Cir.1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits ... Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the action must be dismissed.").

below, the Court determines that it lacks jurisdiction to consider Plaintiff's claims.

Plaintiff asks that the court review Defendant's denial of Plaintiff's disability benefits. The parties agree that the Long Term Disability Plan at issue is an "employee benefit plan," governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Compl. at 1; Def. Br. at 2). Section 502(a)(1)(B) of ERISA allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). However, before bringing a civil action, a plaintiff must first exhaust his remedies available under the Plan. Harrow v. Prudential Ins. Co. of America, 279 F.3d 244, 249 (3d Cir.2002) (citing Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir.1990) (citations omitted)). Without first exhausting available remedies, a plaintiff may not bring a civil action pursuant to § 502. See, e.g., Wolf v. Nat'l Shopmen Pension Fund, 728 F.2d 182, 185 (3d Cir. 1984) (explaining that "federal courts have generally not entertained such an action where the party bringing the action has failed to exhaust administrative remedies.").

Plaintiff's sole argument on the issue of jurisdiction is his assertion that he was not required to exhaust his administrative remedies under ERISA, as required under Third Circuit law, because the policy document itself did not specifically require it.[2] The policy document does indicate that Plaintiff has the ability to file suit in this Court if his claim for benefits is denied. (Compl., Ex. A; Pl. Br. at 2). This, however, is different from the legal requirement that administrative remedies must be exhausted as a prerequisite for jurisdiction. Plaintiff has

---

[2] The Court recognizes that "a plaintiff is excused from exhausting administrative procedures under ERISA if it would be futile to do so." Harrow, 279 F.3d at 249 (citing Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3d Cir.1990)). Plaintiff makes no such argument. The Complaint, however, does allege that "[t]he plaintiff purposely did not seek an appeal using the internal appeals process because that would have provided the defendant with an opportunity to a de novo evaluation of the plaintiff despite the fact that an IME by the defendant was favorable to the plaintiff's disability claim." (Compl., ¶ 55). To the extent that the Court should construe this statement as alleging that Plaintiff is excused from exhausting his administrative remedies because it would have been futile to do so, the Court determines that such a conclusory statement amounts to nothing more than a bare allegation of futility, which is insufficient to excuse the exhaustion requirement. See, e.g., Harrow, 279 F.3d at 250 ("Whether to excuse exhaustion on futility grounds rests upon weighing several factors, including: (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile."); Menendez v. United Food & Commercial Workers Local 450T, AFL-CIO, No. 05-1165, 2005 WL 1925, *2 ("In order to warrant waiver of the exhaustion requirement, the party seeking waiver must provide more than bare allegations; rather, the party must make a 'clear and positive' showing of futility.").

provided no legal authority indicating otherwise.

The Court has reviewed the policy at issue, as well as the correspondence between the parties attached to the Complaint. Based on this review, the Court determines that Plaintiff was sufficiently informed of the internal appeals process available to him. On March 8, 2006, Michael H. Mitchell, Senior Managed Disability Analyst with Disability Reinsurance Management Services, Inc. ("Disability RMS") sent a letter to Plaintiff stating "If you disagree with this determination, you may appeal this claim decision by sending your written request to review to: Disability Reinsurance Management Services, Inc., One Riverfront Plaza, Westbrook, Maine, 0004092-9700. (Compl, Ex. D). The March 8 letter included a copy of the "Claim Appeal Procedures," as well as a "Voluntary Additional Appeal Procedures." Similarly, on March 13, 2006, Mr. Mitchell, of Disability RMS, again sent a letter to Plaintiff's counsel stating that "pursuant to ERISA regulations, Mr. Carter needs to provide us with a letter formally requesting an appeal of our decision; therefore, please have him do so as soon as possible." (Compl, Ex. D). The March 13 letter goes on to state that "we will not proceed with an appeal review until you have sent in a formal letter of appeal." Finally, on May 17, 2006, Mr. Mitchell once again sent a letter to Plaintiff's attorney enclosing a copy of the "Claim Appeal Procedures form." The May 17 letter also provided that "our letters dated 3/8/2006 and 3/13/2006 explain the appeal process." (Compl., Ex. I). Although Plaintiff acknowledges receiving the aforesaid information/correspondence, he nevertheless admits that he "purposely did not seek an appeal using the internal appeals process." (Compl., ¶ 55).

The Court, therefore, finds that it is without jurisdiction over Plaintiff's cause of action. Accordingly, Plaintiff's Complaint is hereby dismissed, without prejudice to re-file same, if he so desires, after he has exhausted his administrative remedies, in accordance with ERISA.

An appropriate order accompanies this opinion.

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE